## CITY OF LOWELL *vs.* BENJAMIN F. SIMPSON.

If, under a charter authorizing the same, a city ordinance is passed which prohibits the obstruction of any street for the purpose of building, "without first obtaining a written license from the mayor and aldermen, or some person authorized by them," and complying with such reasonable conditions as they may impose, the mayor alone has no authority to grant a license to obstruct a street for the purpose of building, or to impose conditions therefor; and an agreement, made in consideration of such license from the mayor alone, to indemnify the city against damages that may arise in consequence thereof, is without consideration and void.

CONTRACT, upon the following agreement:

" City of Lowell. B. F. Simpson having signified to the mayor and aldermen his intention to build in Bridge Street, license is hereby granted to him to occupy and use, for the term of four months from date hereof, twenty-five feet outside of the line of the building, on the following conditions, to wit: that the said Simpson shall keep the same inclosed by a proper fence, and sufficiently lighted at night to secure the safety of passengers on said street, and that when his occupancy shall have terminated he shall leave the same unincumbered by any rubbish whatever. Said Simpson furthermore shall fully indemnify the city for any damages or costs that may arise in consequence of such occupancy of the street. B. C. Sargeant, mayor.

" Mayor's Office, Aug. 4th 1860. I agree to the conditions of the above license. Benja. F. Simpson."

The declaration alleged that the defendant did not keep this agreement, or keep Bridge Street inclosed or lighted, as therein provided, by reason of which Polly H. Wright met with an accident there, and recovered judgment against the city for $1092.03 therefor.

City of Lowell *v.* Simpson.

The defendant demurred to the declaration, assigning as causes, amongst others, that the mayor had no authority in the premises, and the declaration alleged no authority in him. It was agreed that the city ordinances of Lowell might be referred to, and the case was reserved by *Gray*, J. for the determination of the whole court upon the question whether the declaration could be sustained either in its present form, or with any amendments thereof. The city ordinances and proposed amendment are sufficiently stated in the opinion.

*T. Wentworth*, for the plaintiffs.

*A. F. Jewett*, for the defendant.

GRAY, J. The ordinances of the city of Lowell, in force at the time of the making of the agreement declared on, prohibited the obstruction of any street for the purpose of building, " without first obtaining a written license from the mayor and aldermen, or some person authorized by them," and faithfully complying with such reasonable conditions as " said board may impose." Revised Ordinances of Lowell of 1854, *c.* 24, §§ 1, 5. This ordinance was clearly reasonable and proper, and within the power conferred on the city council by the city charter, to make " salutary and needful by-laws." *St.* 1836, *c.* 128, § 8. *Pedrick* v. *Bailey*, 12 Gray, 161. The only consideration for the defendant's agreement to indemnify the city against damages caused by his occupation of Bridge Street was a license signed by the mayor alone, containing nothing to show that he was authorized by the mayor and aldermen to give it. There is no allegation, either in the declaration already filed, or in the amended count which the plaintiffs have moved for leave to add, that he was so authorized. Such an authority cannot be implied from the fact of his being mayor. In the absence of such authority, the license was void. *Day* v. *Green*, 4 Cush. 433. This ordinance of the city could not be annulled or dispensed with by the individual act of the mayor as one of the surveyors of highways, elected under the act, amending the city charter, of 1846, *c.* 35, § 4. There being no consideration for the defendant's agreement, he is not liable to this action.

*Demurrer sustained; judgment for the defendant.*